uh... q camp  that it the the you the you in you you you you you yeah first time or hey yeah uh... uh... missile path uh... uh... they do say that the employee has to request it within seventy two hours and there was testimony about the norm is to do the retest within a matter of days but it doesn't specify how soon the retest must actually be done and is it your position that he raised this issue before the arbitration? uh... he raised the validity of the retest that it was not done that's absent it being done the original drug sample should be but not the pre-payment issue? we do think it was raised before the arbitrator uh... in in the issues that we raised the second one in particular we think is broad enough to include this issue uh... the on appendix page two does the agency's removal of Mr. McDade promote the efficiency of the service? that assumes a valid removal whose removal here is based solely on one piece of evidence solely on the original drug test drug test not done but like Judge Prossen I think I understood her question to be do you have a challenge here to the fact that your client is responsible to pay for that retest and did you raise that challenge for her? so two issues I think we do have a challenge the guidelines don't specify that the employee has to pay I think when someone's rights are on the line and the guidelines refer to a retest as a right the agency should do it I mean they could always could have done it and charged him later I don't think he should have to pay but they could have done it and billed him later when someone's rights are on the line and this is the sole basis for his removal the second the more procedural question do we raise it below we raised two broad issues before the arbitrator and I think this is subsumed within the second one does his removal promote the efficiency of the service? that assumes a valid removal we don't think his removal is valid here because it is based on a single drug test Kyle just on this point about rights I mean people have a right to file a lawsuit people have a right to file an appeal almost presumptively there are filing fees that go with that there are sometimes justifications for not requiring the filing fee to be paid the payment for the exercise of a right is kind of a pretty common feature of the right and doesn't make it any less a right I first distinguished your examples where someone affirmatively chooses to pursue a case they know that there are going to be various pre-steps to doing that this is something imposed on him it was removed based on a drug test which he said was he didn't smoke marijuana and he was surprised by the test but second if they want to have prepayment as a condition of this right a defendant in a case brought against it I assume, tell me if I'm wrong if the defendant wants to appeal presumptively still needs to pay the filing fee for the appeal that was imposed, the suit was certainly imposed on the defendant that's why there's a defendant I'm not familiar with informer papyrus there are rights conditioned on payment but when it's so important it should state it explicitly it wasn't in the guidelines, it wasn't in CBP's own drug testing policy it wasn't in the medical review officer's guidance but it was on the CBP website? that's the only place it is on the website but again they could have done it and charged him later and then we may or may not even be here depending on the results we don't accept filings without payment we do it and charge him later and then if he's being removed what's the potential ability to recoup the money I'm looking at the guidelines on page 1118 of the appendix and it says that a sample is to be retained for a minimum of a year for retesting so your client may have some personal view that when they came back to him and offered him the retest after his confusion over payment that it was too late and he was worried about the sample but according to the actual federal register it says the retesting can take place anytime and the sample has to be retained for that purpose for up to a minimum of a year so I don't understand what is your rationale for how his rights were violated when they revisited his ability to retest and he subsequently declined multiple additional times what we're saying is his rights were violated back at the beginning you're right his subjective view was that he was concerned about the degradation of the sample that is a subjective belief but we think the violation of the rights occurred eight and a half months previously when he said I want to retest, willing to pay and the arbitrator found yes but why? even if you were correct which I do not give you that but even if you were there's things called harmless error and when they came back and allowed for a retest eight and a half months later when the guidelines explicitly say the sample can be retested for up to a year why are his rights still violated? why is it not harmless error? even if he had that right why is it not harmless error when they were willing to correct and do it at eight and a half months later? well again we come back to the language saying it is his right saying that he believed it should have been done eight and a half months previously and that is this isn't a complicated performance case with ten different factors justifying his removal there's one and only one piece of evidence supporting the removal well it's drugs it's a very serious one and I'm going to point out counsel this may be a function of your and my respective age which we share that you allege that your client denied having smoked marijuana do you know that there are many ways to get marijuana into your body of edibles which are far more popular now with the kids than apparently smoking marijuana did you speak very precisely on purpose as he alleged or denied smoking marijuana or did he deny having consumed marijuana full stop in any capacity well I don't mean to be parsing language we agree these CBPOs have an obligation to be drug free we understand the importance of the policy and I didn't mean to parse it I just can't remember offhand what exactly he said I'm just saying he said something to the effect that he was surprised by the drug test I mean he could have conceded I suppose right at the outset that's just not what's in the record here but I didn't mean to be the arbitrator on page two says grievant denied he smoked or ingested marijuana did he in fact do that or was that I'd have to look back on his testimony on what exactly he said counsel a large part of your argument seems to be based on your reading of the arbitrator's opinion as having relied exclusively on the standard of whether the agency's conduct was arbitrary and capricious and I'm wondering the only place I see arbitrary and capricious mentioned maybe I'm missing something is that very last paragraph of her opinion right that's correct that's the only place it's mentioned it's the only standard mentioned so either she and what was that standard applied to in your opinion well I think it's unclear the government would say it was applied to whether the removal was reasonable and I would concede that it is the correct standard for that factor but on whether the agency has proved its case it needs to be preponderance of the evidence and there's no dispute that language is not anywhere in the opinion but there's no dispute that the party stipulated that and there's no suggestion that the arbitrator deviated from that other than a statement about arbitrary and capricious at the end dealing with as the government would say at least arguably something different we did agree on the standard and she did find the agency proved its case I would suggest  we are still gleaning from the context whether she used the right standard or not and we're not supposed to have to guess at her reasoning it's only two pages of reasoning I would suggest you could have elaborated on what standard she was using and how the evidence supported the agency's decision Well this wasn't that complex a record right I mean the firing the removal was for the test that showed that he had ingested marijuana that was the beginning and the end of the case right Yes but nevertheless she is silent on what standard she used she's either wrong or silent on what standard she used for whether the agency had proven its case and we think there is case law saying we're not all supposed to guess at what an arbitrator or lower fact finder meant I would just touch on my last argument about the due process letter due process argument which is that the agency relied on Mr. McDade's decision to decline the late offer of the retest the arbitrator's decision on this is solely based on the removal letter not any of the testimony and the removal letter mentions his declination of the retest twice in the substantive discussion of what she is using to support the decision and I will reserve the remainder of my time Thank you Ms. Vennani Good morning, your honors May it please the court Mr. McDade has failed his burden to establish that the arbitrator committed a reversible error in her decision in this case First,       infer that the arbitrator has made a reasonable error in her decision in this case First, given the limited issues presented to the arbitrator and the specific evidence the arbitrator held the agency to the correct standard of proof as your honors pointed out both parties stipulated as to the appropriate burden of proof the agency clearly had to prove by preponderance of the evidence that the charged conduct occurred the charged conduct here was testing positive for a controlled substance in a random drug test here the arbitrator found that this was an undisputed fact on page two of the appendix as well as page four she states that facts in this matter are not very much in dispute on August 24th 2018 Mr. McDade I'm not sure I heard you correctly the conduct is the smoking or ingestion the conduct is not the test result it's just that the test result is the only evidence of the conduct and in the absence of anything else it's essentially conclusive that is correct your honor well the arbitrator also found that Mr. McDade's lab results from the test showed that he tested positive for marijuana the actual validity of the test was not challenged now whether the agency complied with the regulations with the test results Mr. McDade never even challenged the second prong which is the nexus requirement Mr. McDade submitted a 34 page post hearing brief in which there is no argument regarding whether the agency proved that there was a nexus between the misconduct and the efficiency of the service therefore the arbitrator did not explicitly mention this issue finally the agency had to prove that the penalty of removal was reasonable again it was undisputed that Douglas vs. the agency was not substantive or arbitrary capricious or unreasonable Can I ask you this question so there's a factual question did the individual commit the conduct alleged then there's a question about nexus to the efficiency of the service and then there's a question as you just put it reasonableness of the penalty the arbitrator uses the language of arbitrary capricious in connection with well she uses the phrase the efficiency of the service that's what the question is was it said step 2 or step 3 or what this was in step 3 that statement she made following her discussion of the Douglas factors if and there's a difference between the burden of proof which is the evidentiary standard to prove the underlying facts and then the standard of review which is what is also involved in that third prong which is whether the agency selection of the penalty was reasonable the agency has considerable discretion in selecting the penalty once all the underlying facts are determined so although the arbitrator did not specifically mention the preponderance of the evidence burden of proof that was unnecessary in this case considering the fact that it was undisputed that that is a appropriate burden it's also the lowest burden in a civil proceeding does our case law sometimes never always connect the Douglas language about the penalty to the agency that the agency can only remove an employee if it promotes the efficiency of the  and to make that showing we have the three prongs I just mentioned so they're not necessarily mutually exclusive and um the additionally even if the arbitrator's decision is less than ideally clear if her reasoning is if her path is reasonably discerned then the court can nevertheless affirm the arbitrator's decision second Mr. McDay fails to provide any authority that would justify exclusion of his primary test result first he does not dispute the validity of the test result or whether the agency complied with the guidelines in collecting and testing and storing the initial specimen he also does not question who gets or who's responsible for paying the split specimen test when the drafters of the guidelines initially introduced the split specimen testing into the regulations in the federal register 59 federal register 29908 there the drafters declined to specify and left it to the agency's discretion on who should pay for the test result for the split specimen testing and in contrast here the agency had a policy of more than 10 years to require the employees to pay for the split specimen testing additionally the agency as the soronto mentioned earlier that was going to be one of my examples that even though the regulations may characterize the split specimen testing as a right it nowhere mentions that this is an absolute right and in life we're entitled  certain rights for instance the due process provides a litigant an opportunity to appeal a case however that does not mean that the litigant cannot be required to pay certain filing fees before exercising that right and Mr. McDay mentioned that Mr. McDay in this case just as a defendant for instance a criminal defendant might wish to appeal his conviction so here Mr. McDay had the possibility to pay a $115 fee to obtain potentially exculpatory evidence to challenge his removal third Mr. McDay failed to establish that  McDay did not have the authority to consider the issue of whether the agency's policy of requiring the payment was lawful there was a procedure in place by which the parties were to decide whether the issue of the legality of the agency's policy was not presented to for decision that's the sole basis on which you think the arbitrator said she didn't have the authority to address the question not something like arbitrators don't get to say whether the agency is acting legally yes that is our position she did say that she lacked the jurisdiction to consider the issue based on the issues presented or I could find the exact quote but she specifically mentioned based on the issues presented she lacked jurisdiction to decide I don't think we heard about this morning which is whether the deciding official did in fact rely on the repeated refusal to have the split specimen tested I know that your position is that the deciding official did not in fact rely so that whether there was a notice problem doesn't arise do you agree that if the deciding official had relied on that that there would be a notice problem say under the Doe case DO that notice was not given we plan to rely on this evidence your honor we would posit that even if the decision maker which his testimony clearly states he did not consider this evidence but the testimony they rely on what the letter says even if even if he had relied on this information that would still not amount to due process violations of this case because Mr. McDay had notice of the existence of this information and opportunity to respond in April and May of 2019 communication between the agency and Mr. McDay which was a fourth in April  May of 2019 when Mr. McDay through his union representative provided a half page of text describing in detail the reasons for declining the split specimen testing thus he had noticed an opportunity to respond to this information additionally the proposal notice noted that Mr. McDay had requested split specimen testing but as of that date he had not yet paid for it and therefore no second test was conducted so even in the proposal letter this issue was mentioned he had the opportunity in both oral replies to address it and chose not to do so he chose not to address it but he chose not to get the test and sufficiently provided his reasons for why he did not want to do so um the and he was represented by the union representative at that point right he was represented um the the proposal the notice of proposed removal was sent to him on October 17 of 2018 the following date the agency sent Mr. McDay and his union representative all the materials relied upon so at least as of the date following his proposal for proposed removal he was represented by counsel based on these reasons we would respectfully request that you affirm the arbitrator's decision thank you Ms. Childs your rebuttal time sorry thank you so I just have two small points just to make sure the timeline is clear his proposed removal letter was October of 2018 the late offer occurred in April and thank you council thank you thank you council this case is taken under